ANA M. LUPIÁÑEZ DE GONZÁLEZ, demandante y recurrida, *v.* DR. RAMÓN A. CRUZ, SECRETARIO DE INSTRUCCIÓN, demandado y recurrente.

*Número:* R-76-208        *Resuelto:* 31 de enero de 1977

*Miriam Naveira de Rodón, Procuradora General, Roberto Armstrong, Jr., Procurador General Interino* y *Ronaldo Rodríguez Ossorio, Procurador General Auxiliar,* abogados del recurrente; *Luis Muñoz Rivera,* abogado de la recurrida.

EL JUEZ ASOCIADO SEÑOR DÁVILA emitió la opinión del Tribunal.

Para el 1970 el Departamento de Instrucción Pública comenzó una reorganización del sistema de servicios bibliotecarios. Uno de los propósitos de la misma era integrar los servicios bibliotecarios técnicos para ofrecerlos por igual tanto a las bibliotecas públicas como a las escolares, labor que no se estaba realizando en esta área en forma centralizada. Se le encomendó a la Sra. Ana M. Lupiáñez la dirección de la sección de servicios técnicos del Programa de Bibliotecas. El juez de instancia hace constar que le "ofrecieron a la demandante una posición permanente dentro del Programa de Bibliotecas del Departamento de Instrucción, explicándole que toda vez que la plaza concreta que ella desempeñaría con carácter permanente—a cargo de la Sección de Servicios Técnicos para los Servicios de Bibliotecas Escolares—no estaba presupuestada con el emolumento que requería su preparación y competencia, ella ocuparía puestos provisionales como paso previo y rutinario mientras tanto se completara el trámite para la creación de aquella plaza regular a través del Negociado de Presupuesto del Gobierno del Estado Libre Asociado de Puerto Rico."

Los trámites para la creación del puesto que le fuera ofrecido se llevaron a cabo lentamente. Durante los años 1970 a 1973 la recurrida dirigió la sección de servicios técnicos bajo varios nombramientos por contrato y a términos fijos.

Algunos de los nombramientos estaban presupuestados con fondos federales, otros con fondos estatales o con fondos combinados. Cada nuevo nombramiento conllevaba un aumento de sueldo.

Mediante carta fechada el 25 de junio de 1973 el Secretario Interino del Departamento de Instrucción, Ramón A. Cruz, notificó a la Sra. Lupiáñez que daba por terminados sus servicios debido al carácter transitorio del nombramiento que se le había extendido y a que para ese año no estarían disponibles los fondos federales. A esta fecha llevaba a cabo sus funciones de directora mediante un nombramiento de Directora Ejecutiva II con un sueldo de $1,030.00. Por falta de esos fondos se eliminaría la sección de servicios técnicos al igual que se abandonaría el resto de la reorganización del Programa de Bibliotecas.

Al momento de la notificación de cese no se habían finalizado las gestiones en el Negociado de Presupuesto para la creación de la plaza ofrecida a la recurrida en 1970. La Sra. Lupiáñez abandonó su puesto como le había sido requerido, no sin antes haber realizado gestiones para su reinstalación. La cesantía, en adición a dejarla sin trabajo, le afectaría adversamente los derechos adquiridos en el Sistema de Retiro ya que sólo le faltaban 2 años para hacer uso de los beneficios del Sistema. Posteriormente, el Departamento de Instrucción le ofreció un puesto de Supervisor General III en el Programa de Bibliotecas Escolares en Bayamón con la mitad del sueldo que devengaba al ser dejada cesante. Declinó la oferta.

El 29 de marzo de 1974 la Sra. Lupiáñez presentó ante el Tribunal Superior, Sala de San Juan, demanda solicitando ser repuesta al cargo de directora de la Sección de Servicios Técnicos y el pago de los sueldos dejados de percibir. El tribunal declaró con lugar la demanda y ordenó su inmediata reposición al cargo que ocupaba o a uno similar a éste. Determinó que a la demandante se le había privado de su propiedad sin el debido proceso de ley, al no habérsele dado la opor-

tunidad de ser oída antes de separarla de su puesto. También determinó que el Departamento de Instrucción tenía la obligación de honrar el compromiso contraído con la demandante. Inconforme, el Secretario de Instrucción acudió ante nos. Acordamos revisar.

La prueba en efecto establece que la Sra. Lupiáñez es una empleada de carrera con gran preparación y experiencia en el campo de la biblioteconomía. Trabajó 20 años en el Departamento de Instrucción, primero como maestra y luego como bibliotecaria. Desde 1967 hasta el 1970 prestó servicios en la Corporación de Desarrollo Económico del Caribe (CODECA) en la Biblioteca Regional del Caribe, una corporación pública. Mientras trabajaba aquí logró completar el grado de Maestría en Ciencias Bibliotecarias que había comenzado cuando laboraba para el Departamento de Instrucción. Al aceptar el puesto en CODECA la recurrida recibió un aumento en sueldo e ingresó al servicio exento de la Ley de Personal, contrario al puesto permanente de Bibliotecaria que ocupaba en el Departamento de Instrucción.

En el 1970 funcionarios del Departamento de Instrucción deseosos de reclutar el personal más idóneo para dirigir una importante sección de la reorganización del sistema bibliotecario y actuando a nombre del Secretario, le ofrecieron a la recurrida un puesto permanente para dirigir la Sección de Servicios Técnicos. La recurrida lo aceptó. El Secretario de Instrucción por su parte ratificó la actuación de sus subalternos extendiéndole varios nombramientos a la recurrida desde el 1970 hasta el 1973. De esta forma se encaminaba hacia la consumación del acuerdo contraído con la Sra. Lupiáñez.

Durante esos tres años (1970–1973) la recurrida dirigió con máxima eficiencia la Sección de Servicios Técnicos. Logró que en un año se distribuyera un sinnúmero de libros almacenados, los cuales estaban sin distribuir desde 1964. Preparó la catalogación, distribución y envió de estos libros a varias bibliotecas públicas y escolares. Supervisó varias bi-

bliotecas de la Isla y el área metropolitana al igual que dio adiestramiento al personal de bibliotecas. También preparó proyectos especiales como el de "Biblioterapia para confinados" y realizó con éxito otras actividades similares.

▪ Los derechos de la recurrida fueron violados al ser dejada cesante y al no dársele la oportunidad de ser oída. *Connell* v. *Higginbotham*, 403 U.S. 207 (1971) ; *Slochower* v. *Board of Higher Education*, 350 U.S. 551 (1956) ; *Soto* v. *Alcalde Mun. Bayamón*, 99 D.P.R. 415, 417 (1970) ; *Arcelay Rivera* v. *Superintendente Policía*, 95 D.P.R. 211, 225 (1967) ; *Santiago Agricourt* v. *C.R.U.V.*, 90 D.P.R. 839, 843 (1964). Se le despojó de su propiedad sin el debido proceso de ley habiendo un contrato explícito y claro entre las partes. "Un interés legal en ejercer un empleo particular puede, desde luego, crearse . . . mediante un contrato implícito." *Bishop* v. *Wood*, 44 U.S.L.W. 4820, 4821 (U.S. June 10, 1976) ; *Board of Regents* v. *Roth*, 408 U.S. 564, 576–577 (1971) ; *Wieman* v. *Updegraff*, 344 U.S. 183 (1952). La prueba revela que la Sra. Lupiáñez tenía una legítima expectativa de que el puesto que desempeñaba se convertiría en permanente. Tenía plena fe y seguridad de que permanecería en el mismo y que no sería dejada cesante aunque el cargo o nombramiento que ostentaba para fines presupuestarios era por contrato y provisional. Tenía la seguridad de que la plaza que ocupaba se formalizaría en un tiempo razonable en el Negociado de Presupuesto, gestiones que aunque lentas, todavía para el 1973, se estaban llevando a cabo. Tales actuaciones crearon en la recurrida más que una esperanza de que se cumpliría lo prometido.

La otra razón aducida para dejar cesante a la recurrida fue la carencia para ese año de los fondos federales con los cuales se presupuestaba su cargo. Estos fondos, según surge de la prueba, fueron aprobados el 28 de mayo de 1974, o sea, dos meses después de que la recurrida ejercitara su causa de acción. Debido a la demora en la llegada de estos fondos el Gobierno Federal autorizó al Departamento de Instrucción

para que utilizara los "fondos del año fiscal anterior para cubrir los gastos de los servicios bibliotecarios, incluyendo aquellos para el pago de los empleados relacionados." (Determinación de Hecho #7, pág. 9.) En definitiva, la congelación de fondos se tradujo en meramente un retraso en la provisión de esos fondos.

■ Este caso presenta una situación peculiar distinta a la que consideramos en *Pastor Lozada* v. *Director Ejecutivo*, 101 D.P.R. 923 (1974). Si bien es verdad que la plaza que desempeñaba la demandante al momento de ser despedida estaba en el servicio exento, como la plaza para la cual ella fue contratada y que estaba en trámites de crearse era de carácter permanente, sus derechos tienen que ser reconocidos en relación con esa plaza. Así para su despido tenía que mediar justa causa y la celebración de una vista. No mediando en el despido de la demandante ni lo uno ni lo otro, procede la confirmación de la sentencia.

*Se confirmará la sentencia recurrida.*

El Juez Asociado Señor Rigau concurre en el resultado. El Juez Asociado Señor Negrón García disintió.