Córdova Arone, Juez Ponente
*1436 TEXTO COMPLETO DE LA SENTENCIA
El Municipio de Guayanilla recurre de una sentencia emitida por el Tribunal de Primera Instancia, Sala Superior de Ponce (Hon. Leida González Degró, J.), el 12 de septiembre de 1995, en un recurso de revisión de una resolución de la Junta de Apelaciones del Sistema de Administración de Personal (J.A.S.A.P). Por los fundamentos que se expresan más adelante se confirma la sentencia recurrida.
Los hechos del presente recurso tuvieron su origen el 8 de agosto de 1988, cuando el entonces alcalde del Municipio de Guayanilla, Hon. José Angel Rodríguez Irizarry nombró a la Sra. Nilsa Torres Correa en un puesto de conserje con status probatorio. Según surge del testimonio del alcalde, la Sra. Torres había solicitado el empleo previamente, fue entrevistada en Unión a otra cantidad de aspirantes y fue seleccionada para ocupar el puesto tomando en consideración que ésta había estado realizando esas funciones en el mismo municipio como participante del Programa de Ocupaciones Diversas de la Administración del Derecho al Trabajo.
La intención del alcalde era que la empleada fuera nombrada con carácter regular. A la Sra. Torres se le indicó en todo momento que su nombramiento era permanente. A tales efectos surge de su expediente de personal los documentos básicos tales como solicitud de empleo, historial médico, antecedentes penales y los documentos relacionados con el Sistema de Retiro. La peticionaria realizó las funciones de conserje en el Centro de Diagnóstico y Tratamiento (CDT) de Guayanilla desde su nombramiento hasta el año 1992.
A pesar de que en el expediente de la peticionaria se encontraban los documentos relacionados con el Sistema de Retiro, nunca se realizaron descuentos de su salario a tales efectos. Sí se le descontó la partida correspondiente de contribuciones sobre ingreso.
No obstante su plaza estar clasificada como probatoria, a la peticionaria no se le realizó evaluación alguna una vez transcurrido el término de tres meses ni se le informó irregularidad alguna relacionada con su nombramiento.
Surge de la prueba que inicialmente el alcalde solicitó del Sr. Pedro Franqui Acosta, Director de la Administración de Servicios Municipales, su autorización para reprogramar una partida de fondos asignados por la legislatura para la repavimentación de caminos con el propósito de utilizarlos para el pago de varios empleados entre los cuales se encontraba la Sra. Torres. Esta reprogramación era necesaria porque en el presupuesto aprobado por la Asamblea Municipal para el período de 1988-89 no se había incluido cantidad alguna para cubrir estos puestos.
No obstante, con posterioridad al año mencionado, el pago del sueldo de la peticionaria fue asignado a otra cuenta aprobada por el Municipio a tales fines.
El 16 de noviembre de 1992, la Sra. Torres recibió una comunicación escrita de parte del alcalde incumbente, Hon. Ceferino Pacheco Giundicelli, donde se le notificaba que disfrutara de las vacaciones acumuladas hasta el 11 de diciembre de 1992. Le informaba, además, que a partir de esta fecha prescindiría de sus servicios. La comunicación identificaba a la peticionaria como empleada transitoria y aducía insuficiencia económica como razón para la cesantía.
*1437 Ante esta situación la peticionaria presentó un recurso de apelación ante la Junta de Apelaciones del Sistema de Administración de Personal (conocida por sus siglas como "JASAP") el 5 de marzo de 1993, contra el Municipio de Guayanilla solicitando su reinstalación en el puesto alegando que fue despedida sin cumplirse con el debido proceso de ley.
El caso fue sometido ante la oficial examinadora, Leda. Marisol Gómez Figueroa, quien el 23 de septiembre de 1994, rindió un extenso informe ante la Junta. En dicho informe se detallan meticulosamente los hechos que dieron margen a la presente controversia y el derecho aplicable al mismo.
Según surge del informe de la oficial examinadora de la Junta, en noviembre de 1992, aproximadamente de 50 a 55 empleados del Municipio de Guayanilla fueron cesanteados. A todos se les notificó igual comunicación firmada por el alcalde en la cual se les indicaba que en virtud de la disposición correspondiente a la utilización de fondos públicos durante el período de julio a enero del año próximo, por tratarse de período eleccionario, se veía en la necesidad de balancear los gastos incurridos con los pendientes y, por consiguiente, prescindir de sus servicios.
Por otro lado, surge del referido informe que el alcalde se reunió con los jefes de departamento, el Oficial de Personal y su Asesor Personal y les informó lo que pasaba y les informó el número de personas a cesantear por departamento. Ante esta situación los jefes de departamento le notificaron al alcalde el nombre y número de personas que a su entender eran los menos necesarios en cada área. Este fue el único criterio que se utilizó para decretar la cesantía.
En su informe la oficial examinadora concluyó que el puesto de la peticionaria era uno regular y que no se había cumplido con el debido proceso de ley para decretar su cesantía. Por ello recomendó a la Junta que declarara con lugar la apelación presentada por la peticionaria, se decretara nula la cesantía y se le reinstalara en un puesto regular de conserje en el C.D.T. de Guayanilla. Se recomendó, además, que se le ordenara al municipio que pagara a la peticionaria los haberes dejados de percibir desde su cesantía el 11 de diciembre de 1992.
Como resultado de las conclusiones esbozadas en el mencionado informe, el 10 de octubre de 1994, la Junta emitió una resolución declarando ha lugar la apelación presentada por la peticionaria y, en consecuencia, ordenando al Municipio de Guayanilla que dejara sin efecto la cesantía de la que fue objeto aquélla y la reinstalara de inmediato en un puesto regular de conserje en el Centro de Diagnóstico y Tratamiento de ese municipio. El municipio presentó una solicitud de reconsideración la cual fue denegada por la Junta.
Inconforme con esta determinación de la Junta, el Municipio de Guayanilla presentó un recurso de revisión el 5 de diciembre de 1994, ante el entonces Tribunal Superior de Puerto Rico, Sala de Ponce. En su solicitud, el Municipio de Guayanilla argumentaba que erró la Junta al determinar que la peticionaria ocupaba un puesto regular dentro del servicio de carrera en el referido municipio.
El Tribunal de Primera Instancia, Sala Superior de Ponce (Hon. Leida González Degró, J.), dictó sentencia en el caso de epígrafe el 12 de septiembre de 1995, confirmando la resolución cuya revisión se solicitaba.
El 6 de noviembre de 1995, el Municipio de Guayanilla presentó el recurso que nos ocupa señalando que el tribunal a quo cometió los siguientes errores:

"1. Erró el Tribunal de Primera Instancia al concluir que a la Apelada-Recurrida le aplica el Artículo 12.025 de la Ley de Municipios Autónomos, Núm. 81 del 30 de agosto de 1991 (21 L.P.R.A. sees. 651 et seq.) sosteniendo así la determinación de JASAP declarando con lugar la apelación de Nilsa Torres Correa y concluir que ésta ocupaba un puesto regular dentro del servicio de carrera siendo esta determinación contraria a previa Resolución de ese mismo organismo en el caso de Amael Rodríguez Irizarry y otros v. Municipio de Guayanilla, resuelto el 21 de noviembre de 1991 (ya en pleno vigor el Artículo 12.025 de la Ley de Municipios Autónomos del 30 de agosto de 1991) y en el cual en hechos prácticamente idénticos JASAP decretó que los apelantes nunca ocuparon puestos de carrera (porque no existían) ni tampoco era legal el status regular conferido a dichos 
*1438
empleados, decretando en su consecuencia la nulidad de los mismos.

2. Erró el Tribunal de Primera Instancia al concluir que el nombramiento con status probatorio de la Apelada-Recurrida "con el transcurso del tiempo se convirtió en uno regular de carrera" y al concluir que "para el 1988 en el Municipio de Guayanilla existía un puesto de conserje dentro del servicio de carrera; que la Sra. Torres Correa fue reclutada y nombrada en dicho puesto con status probatorio, y que al momento de la transferencia de poderes, con la creación de los municipios autónomos bajo la Ley Núm. 81, supra, dicha empleada pasó a ostentar un puesto regular de carrera.

3. Erró el Tribunal de Primera Instancia al llegar a determinaciones de hechos contrarias a las de JASAP en la Resolución del 10 de octubre de 1994 y al llegar a determinaciones de hechos contrarias a la evidencia presentada en la vista ante JASAP.

4. Erró el Tribunal de Primera Instancia al expresar que "jija continuidad en el desempeño de las funciones de conserje por espacio de cuatro (4) años creó una expectativa de permanencia en el empleo".

5. Erró el Tribunal de Primera Instancia al concluir que la Apelada-Recurrida "fue reclutada y seleccionada para ocupar un puesto de conserje por lo que le es de aplicación el inciso (11) (b) de la See. 1333" del título 3 L.P.R.A.

6. Erró el Tribunal de Primera Instancia al concluir que la Apelada-Recurrida "sólo podía ser cesanteada por las razones expuestas en el Art. 12.014 de la Ley Núm. 81, 21 L.P.R.A. see. 4564, y siguiendo el procedimiento allí descrito."

Nos corresponde examinar en el presente caso si el puesto que ocupaba la Sra. Nilsa Torres Correa era uno regular de carrera pues de eso depende si procede o no su reinstalación en dicha posición.
II
De entrada debemos puntualizar que el Tribunal Supremo de Puerto Rico ha sostenido reiteradamente que las conclusiones e interpretaciones de los organismos administrativos especializados merecen gran consideración y respeto y que su revisión judicial se limita a determinar si la agencia actuó arbitraria o ilegalmente o en forma tan irrazonable que su actuación constituyó un abuso de su discreción. Murphy Bernabé v. Tribunal Superior, 103 D.P.R. 692 (1975); Fuertes v. A.R.P.E., 136 D.P.R._(1993), 93 J.T.S. 165.
En repetidas ocasiones se ha resuelto que las decisiones y órdenes de organismos administrativos, siempre y cuando estén sostenidos por evidencia sustancial en la totalidad del récord administrativo, merecen deferencia y respeto por parte de los tribunales. P.R.T.C. v. Unión Independiente de Empleados Telefónicos, 132 D.P.R._(1992), 92 J.T.S. 93; Henríquez v. Consejo de Educación Superior, 120 D.P.R. 194 (1987); Chase Manhattan Bank v. Emanuelli Bauza, 111 D.P.R. 708 (1981).
En el caso de autos tanto la Junta de Apelaciones de Administración de Personal como el Tribunal de Primera .Instancia hicieron un ponderado análisis de los hechos?del caso y del derecho aplicable’ • concluyendo acertadamente que procedía la inmediata reinstalación de la peticionaria en su puesto de conserje en el Centro de Diagnóstico y Tratamiento del Municipio de Guayanilla.
Estamos ante un recurso que podría ser resuelto con un mero no ha lugar. Sin embargo, considerando que se trata de una controversia bastante común en nuestro país y en nuestro sistema de justicia, estimamos prudente hacer un recuento del derecho aplicable al mismo aun cuando acogemos las determinaciones de la Junta y el Tribunal de Primera Instancia.
III
En cuanto al proceso de reclutamiento de la peticionaria es preciso reseñar lo dispuesto por la Ley Núm. 5 de 14 de octubre de 1975, conocida como Ley de Personal de Servicio Público, según enmendada, 3 L.P.R.A. secs. 1001 etseq. Nos dice el inciso 11 (c) dé la sección 4.3 de la mencionada ley que "[s]e podrán establecer mediante reglamento procedimientos especiales de reclutamiento y selección [...] para puestos de trabajadores no diestros o semidiestros". Tal es la situación del caso de *1439 autos.
El puesto de conserje ocupado por la peticionaria está incluido entre el personal no diestro o semidiestro antes mencionado. A base de esto, no podemos llegar a otra conclusión que no sea la de que el procedimiento utilizado por el alcalde para reclutar a la peticionaria estuvo de acuerdo a lo dispuesto en la ley vigente al momento del nombramiento.
El 30 de agosto de 1991, la legislatura aprobó la Ley Núm. 81 conocida como Ley de Municipios Autónomos, 21 L.P.R.A. sees. 4001 et seq. En su Art. 12.025, 21 L.P.R.A. see. 4575, esta ley dispuso, entre otras cosas:

"Los empleados que a la fecha de vigencia de esta ley estén desempeñando funciones permanentes del municipio, correspondiente al servicio de carrera, adquirirán status regular de carrera."

Al aprobarse la Ley Núm. 84 de 29 de octubre de 1992, este artículo quedó enmendado de la siguiente forma:

"Los empleados que a la fecha de la vigencia de esta ley estén ocupando puestos permanentes de carrera en el municipio, mantendrán su status regular de carrera."

Como bien estableciera la oficial examinadora de la JASAP en su informe, en el caso de la peticionaria, Nilsa Torres Correa, surge claramente que ésta fue reclutada como empleada en período probatorio y que todas las gestiones del Municipio de Guayanilla en 1988 fueron encaminadas a que ésta adquiriera status regular de carrera. Al momento de la aprobación de la Ley de Municipios Autónomos, supra, la peticionaria ocupaba una posición regular de conserje en dicho municipio.
La forma en que la peticionaria fue reclutada, la continuidad de sus funciones como conserje así como la expectativa creada por el municipio en la apelante en relación con su permanencia en el puesto nos llevan a concluir que aplica en este caso lo dispuesto en el citado artículo. Por consiguiente, procede decretar la nulidad de su cesantía en el caso de autos.
El Tribunal Supremo de Puerto Rico resolvió en Lupiáñez v. Secretario de Instrucción, 105 D.P.R. 696 (1977), que se violaba el debido proceso de ley a una persona que fue cesanteada de su empleo sin oportunidad de ser oída, cuando aquélla tenía una expectativa razonable de que su posición se convertiría en permanente, aun cuando lo que existía entre las partes era un contrato implícito.
Igual que lo resuelto por nuestro Tribunal Supremo en Lupiáñez v. Secretario de Instrucción, supra, en este caso la peticionaria, desde el momento de ocupar su posición tenía una legítima expectativa de que el puesto que desempeñaba se convertiría en permanente. Tenía plena fe y seguridad de que permanecería en el mismo y que no sería cesanteada aunque la partida de la cual se le pagaba originalmente era una no recurrente, toda vez que su plaza se había clasificado como probatoria.
Según el inciso 9 (c) de la sección 4.3 de la mencionada Ley de Personal de Servicio Público, supra, uno de los requisitos para ocupar un puesto permanente es el "[cjumplimiento satisfactorio del período probatorio para la clase de puesto". Añade este inciso que "[e]l período probatorio abarcará un ciclo completo de las funciones del puesto y no será menor de tres (3) meses ni mayor de un año, excepto en aquellas agencias donde sus leyes orgánicas o leyes especiales vigentes dispongan o autoricen un período probatoriQ de duración distinta en consonancia con un ciclo de trabajo más extenso debido éste a la naturaleza especial del trabajo". En el caso de autos el Municipio de Guayanilla no cae dentro de la excepción establecida por el inciso mencionado de manera que, aún partiendo de la premisa de que en el caso de la peticionaria se proveyera el período probatorio máximo permitido por la ley, ésta cumplió con el mismo. Esto es así toda vez que en sus cuatro años de servicio no recibió evaluación negativa alguna y tampoco se le informó de irregularidades en relación con la plaza que ocupaba.
El hecho de que no se le informó de ninguna irregularidad en relación con su plaza y de que no recibiera ninguna evaluación negativa durante los años que ocupó la misma, crearon en la peticionaria *1440 la expectativa de que su plaza se había convertido en permanente y que ella se mantendría en la misma sin temor a ser cesanteada.
Por otro lado, nuestro más alto foro dispuso en Pierson Muller I v. Feijoó, 106 D.P.R. 838, 852 (1978) que "el empleado publico tiene un reconocido interés en la retención de su empleo, si dicho interés está protegido por ley o cuando las circunstancias crean expectativa de continuidad".
Tal es la situación prevaleciente en el caso de autos.
El Municipio de Guayanilla pretende definir el puesto ocupado por la peticionaria como uno transitorio por el hecho de que su primer año de servicio fue pagado con una partida presupuestaría no recurrente. Se equivoca el municipio. Nada hemos encontrado en la ley ni en la jurisprudencia que defina la clasificación de un puesto de un empleado a base de la procedencia de la partida utilizada para el pago del mismo. El hecho de que en este caso se hayan utilizado fondos no recurrentes para pagar el primer año de servicio de la peticionaria, no convierte por sí sólo la plaza de ésta en una transitoria. Por otro lado, procede preguntarnos cómo se justifica el pago de los otros tres años que estuvo la peticionaria trabajando en su posición.
A la luz de los hechos del presente recurso y por los fundamentos que hemos reseñado, no podemos llegar a otra conclusión de que procede la inmediata reinstalación de la peticionaria en su plaza como conserje del Centro de Diagnóstico y Tratamiento del Municipio de Guayanilla.
IV
Por los fundamentos antes expuestos se confirma la sentencia del Tribunal de Primera Instancia dictada en el caso de autos en un recurso de revisión de la determinación de la Junta de Apelaciones del Sistema de Administración de Personal.
Lo acordó el Tribunal y lo certifica la señora Secretaria General.
María de la C. González Cruz
Secretaria General
ESCOLIOS 96 DTA 33
1. Mediante carta fechada el entonces alcalde de Guayanilla, Hon. José A. Rodríguez, dirigida al Sr. Franqui Acosta se solicitó la referida reprogramación. En cuanto a lo pertinente al caso de autos la carta expresaba:
"El Municipio de Guayanilla tiene la necesidad de hacer una reprogramación de los fondos provenientes de la R.C. Núm. 77 de mayo de 1988 y que asigna la cantidad de $95,000.00.
Originalmente dichos fondos estaban destinados a la repavimentación de varios caminos en el municipio. Sin embargo, es imprescindible el reclutamiento de 12 empleados regulares para el mejor funcionamiento de nuestra Administración." (Enfasis nuestro.)
2. Dicha comunicación no tenía fecha. Tampoco contenía disposición alguna referente al derecho de los perjudicados a apelar dicha determinación.
3. A partir de la vigencia de esta ley los municipios quedaron excluidos de las disposiciones de la Ley de Personal de Servicio Público, excepto lo referente a la Junta de Apelaciones del Sistema de Administración de Personal. 21 L.P.R.A. see. 4577. La Ley de Municipios Autónomos fue enmendada posteriormente por la Ley Núm. 84 de 29 de octubre de 1992.
4. Aunque los municipios fueron excluidos de esta ley mediante la Ley de Municipios Autónomos de 1991, supra, aquélla recogía el estado de derecho prevaleciente al momento de conceder el puesto en controversia a la peticionaria.