CC-1999-630                                    1

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Angel L. Ortiz y otros<br>    Demandantes-Peticionarios<br><br>          v.<br><br>Municipio de Lajas<br>    Demandado-Recurrido | Certiorari<br><br>2001 TSPR 44 |

Número del Caso: CC-1999-630

Fecha: 30/marzo/2001

Tribunal de Circuito de Apelaciones:

                         Circuito Regional I

Juez Ponente:

                         Hon. José M. Aponte Jiménez

Abogado de la Parte Peticionaria:

                         Lcdo. Noel Pacheco Fraticelli

Abogado de la Parte Recurrida:

                         Lcdo. Nasser A. Taha Montalvo

Materia: Revisión Administrativa

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Angel L. Ortiz y otros

    Demandantes-Peticionarios

       vs.                  CC-1999-630        Certiorari

Municipio de Lajas

    Demandado-Recurrido


Opinión del Tribunal emitida por el Juez Asociado señor Hernández Denton


San Juan, Puerto Rico, a 30 de marzo de 2001.

En este caso se nos plantea la interrogante de si procede imponer el pago de honorarios de abogado a un municipio que ha despedido ilegalmente a uno de sus empleados cuando la reclamación se hace al amparo del Sistema de Personal de la Ley de Municipios Autónomos. Resolvemos que, por no ser ésta una legislación de índole laboral, no procede la imposición de honorarios de abogado contra un municipio bajo la Ley de Reclamaciones Laborales. Además, concluimos que no procede imponer honorarios de abogado bajo la Regla 44.1 de las de Procedimiento Civil ya que

los municipios están exentos de dicha imposición en casos de daños y perjuicios. Por tanto, confirmamos la decisión del Tribunal de Circuito de Apelaciones.

I.

En abril de 1993 los señores Angel Luis Ortiz Laboy, Miguel Mercado Santiago y Luis A. Maldonado (en adelante "los peticionarios"), fueron suspendidos de empleo y sueldo, por un término de 30 días, por el Alcalde del Municipio de Lajas. Oportunamente, los peticionarios apelaron su suspensión a la Junta de Apelaciones del Sistema de Administración de Personal (en adelante "JASAP"). JASAP declaró con lugar la apelación y revocó las suspensiones.

Menos de un año más tarde, los peticionarios fueron despedidos por el municipio por alegadas violaciones a la Ley de Municipios Autónomos y al Manual de Normas Internas del Municipio. Una vez más, los peticionarios acudieron ante JASAP, y dicho foro sustituyó el despido por una suspensión de empleo y sueldo.

Inconformes con tal resolución, los peticionarios acudieron ante el Tribunal de Circuito de Apelaciones. Dicho tribunal dictó sentencia el 31 de marzo de 1998 mediante la cual revocó la resolución de JASAP y ordenó el pago a los peticionarios de aquellos beneficios dejados de percibir durante el tiempo en que fue efectiva la suspensión.

Oportunamente, los peticionarios presentaron ante JASAP un Memorando de Costas y Honorarios de Abogado. Alegaron que al municipio le es aplicable el Artículo 2 de la Ley de Reclamaciones Laborales, Ley Núm. 402 del 12 de mayo de 1950, 32 L.P.R.A. sec. 3115, el cual requiere que se impongan honorarios de abogado en casos en que se conceda cualquier reclamación contra un patrono bajo las leyes laborales. Sin embargo, JASAP denegó la petición. Dicho foro determinó que la solicitud era prematura ya que, al momento de radicarse la misma, la decisión del Tribunal de Circuito de Apelaciones no era aún final y firme.

Inconformes, los peticionarios presentaron moción de reconsideración ante JASAP. La Junta, en esta ocasión, declaró con lugar la petición de pago de costas y sin lugar la petición de honorarios de abogado.

Los peticionarios presentaron recurso de revisión ante el Tribunal de Circuito de Apelaciones. Dicho foro apelativo denegó el recurso por entender que la reclamación de los peticionarios fue instada bajo las disposiciones de la Ley de Personal del Servicio Público, ley que regula sus derechos como empleados públicos; y no al amparo de legislación laboral alguna. Por lo tanto, concluyó el tribunal, no procede la petición de honorarios de abogado bajo la Ley 402.

El foro apelativo también entendió que al caso de autos le es de aplicación lo resuelto por este Tribunal en Rodríguez Cruz v. Padilla Ayala, 125 D.P.R. 486 (1990). En Rodríguez Cruz, supra, decidimos bajo la antigua Ley Orgánica de los Municipios, que un municipio no es un patrono bajo la Ley Núm. 100 de 30 de junio de 1959, 29 L.P.R.A. secs. 146 et seq., por no ser una agencia del Gobierno de Puerto Rico que opere como negocio o empresa privada, ni una corporación pública. Utilizando la doctrina de in pari materia, el foro apelativo concluyó que un municipio tampoco constituye un patrono bajo la Ley 402, en la que se basan los peticionarios para pedir honorarios de abogado.

El Tribunal de Circuito de Apelaciones expuso además que la Ley de Municipios Autónomos no convierte a los municipios en corporaciones públicas ya que, a pesar de que los mismos tienen personalidad jurídica independiente del gobierno central, siguen siendo parte integral de éste.

Por último, el tribunal determinó que, de ordinario, no procede la imposición de honorarios de abogado contra el Estado y sus municipalidades por temeridad. Además, el foro apelativo concluyó, al igual que JASAP, que los peticionarios no han demostrado que el municipio haya actuado con temeridad.

Los peticionarios acuden ante nos alegando que el Tribunal de Circuito de Apelaciones erró: 1) al determinar que la Ley 402 no es de aplicación en este caso, y 2) al determinar que el municipio no actuó con temeridad.

CC-1999-630                          5

Resolvemos que la reclamación no es de índole laboral, por lo que no es de aplicación la Ley 402 en este caso.  Además, concluimos que no procede imponer honorarios de abogado bajo la Regla 44.1 de las de Procedimiento Civil ya que los municipios están exentos de dicha imposición en casos de daños y perjuicios.

II.

La Ley de Reclamaciones Laborales requiere la imposición de honorarios de abogado contra los patronos perdidosos en casos de reclamaciones laborales:

> "En todo caso radicado ante los tribunales de Puerto Rico por un trabajador o empleado en que se reclame cualquier derecho o suma de dinero contra su patrono, al amparo de la legislación laboral federal o local... y en que se conceda la reclamación en todo o en parte, se condenará al patrono al pago de honorarios de abogado."  32 L.P.R.A. sec. 3115.

Surge del citado texto que, para que la imposición de honorarios de abogado proceda se requiere la concurrencia de cuatro condiciones:  1) que un empleado haga una reclamación a su empleador, 2) que la reclamación surja al amparo de la legislación laboral, 3) que el empleador sea un "patrono" bajo la Ley, y 4) que se conceda la reclamación.  Id.

En este caso, no se cumple el segundo requisito.  El Tribunal de Circuito de Apelaciones concluyó que la reclamación de los peticionarios surgía de la Ley de Personal del Servicio Público, Ley Núm. 5 de 14 de octubre de 1975, 3 L.P.R.A. secs. 1301 et seq.  Basándose en esta conclusión, el foro apelativo resolvió que la presente reclamación no surge al amparo de la legislación laboral, según requiere la Ley 402, por entender que la Ley de Personal del Servicio Público es conceptualmente diferente a la tradicional legislación laboral que le aplica a la empresa privada.

En primer lugar, debemos señalar que el Tribunal de Circuito de Apelaciones erró al concluir que la reclamación surge de la Ley de Personal del Servicio Público.  La Ley de Municipios Autónomos establece que la Ley de Personal del Servicio Público no aplicará a los empleados del municipio. 21 L.P.R.A. sec. 4577.  Las disposiciones sobre personal que aplican a los municipios son las de la Ley de Municipios Autónomos.  Por tanto, esta

reclamación surge al amparo de la Ley de Municipios Autónomos, 21 L.P.R.A. secs. 4001 *et seq.*, y el Sistema de Personal y el principio de mérito que allí se establecen.

Debemos determinar, pues, si la Ley de Municipios Autónomos se puede considerar legislación laboral para efectos del Artículo 2 de la Ley de Reclamaciones Laborales. Concluimos que, aunque el foro apelativo aplicó la legislación incorrecta, su análisis en cuanto al carácter no-laboral de la legislación bajo la que surge la reclamación fue acertado.

La Ley de Municipios Autónomos establece un Sistema de Personal similar al que se establece para las agencias de gobierno en la Ley de Personal del Servicio Público. Por ejemplo, en ambas leyes se define el principio de mérito y se le da un lugar muy privilegiado en ambos Sistemas de Personal. Véanse, 21 L.P.R.A. secs. 4551 *et seq.* y 3 L.P.R.A. secs. 1331 *et seq.* Se establece en ambas leyes que el principio de mérito será esencial en las siguientes áreas: clasificación de puestos; reclutamiento y selección; ascensos, traslados y descensos; adiestramiento; y retención. 21 L.P.R.A. sec. 4555 y 3 L.P.R.A. sec. 1331. Ambas leyes definen dicho principio, y su aplicación a cada una de estas áreas, de maneras muy similares. 21 L.P.R.A. secs. 4556 *et seq.* y 3 L.P.R.A. 1332 *et seq.*

Cabe destacar también que las únicas secciones de la Ley de Personal del Servicio Público que aplican a los empleados municipales lo son las secciones 1381 *et seq.*, relativas a la JASAP y su funcionamiento. 21 L.P.R.A. sec. 4577. Las reclamaciones bajo ambos Sistemas de Personal son adjudicadas, pues, por la misma Junta de Apelaciones, y ambos sistemas funcionan de manera paralela. Por lo tanto, el razonamiento del Tribunal de Circuito de Apelaciones aplica tanto a una Ley como a la otra.

Estamos de acuerdo con el Tribunal de Circuito de Apelaciones en que estas leyes son de un carácter esencialmente distinto al de la tradicional legislación laboral que le aplica a las empresas privadas. La legislación laboral local surge principalmente al amparo de las secciones 16, 17 y 18 de la Carta de Derechos de la Constitución del Estado Libre Asociado de Puerto Rico, en la que se reconocen y establecen los derechos fundamentales de

nuestros trabajadores: 1) el derecho a escoger libremente la ocupación y a renunciar a ella; 2) a recibir igual pago por igual trabajo; 3) a un salario mínimo razonable; 4) a recibir protección para la salud e integridad personal; 5) a una jornada ordinaria que no exceda de ocho horas y a que si trabaja en exceso de ocho horas en un día, éstas se le paguen a no menos de vez y media el salario ordinario; 6) a organizarse para la negociación colectiva; y 7) a establecer huelgas y piquetes a sus patronos. Ruy N. Delgado Zayas, Apuntes para el Estudio de la Legislación Protectora del Trabajo en el Derecho Laboral Puertorriqueño, 1988, págs. 1-2.

De estas disposiciones surgen las dos áreas de la legislación social laboral: 1) la que establece condiciones de trabajo en sí mismas, tales como salarios mínimos y horas extra; y 2) la que establece mecanismos y recursos para ayudar al trabajador en sus esfuerzos por preservar y mejorar sus condiciones de trabajo, tal como el derecho a la huelga y a organizarse para la negociación colectiva. Id. a la pág. 2. Estas dos áreas de la legislación social laboral están cubiertas por las leyes sobre relaciones obrero-patronales y protectoras del trabajo. Id. a la pág. 3.

La legislación laboral regula extensivamente el comportamiento de los patronos y los empleados. Esta legislación, por ejemplo, crea causas de acción por discrimen y por hostigamiento sexual, establece salarios mínimos y requisitos para garantizar la seguridad y salud en el trabajo, regula las relaciones obrero-patronales, las uniones y las huelgas, y delimita el sistema de Seguro Social. 29 L.P.R.A. secs. 1 et seq. Como podemos ver, esta legislación es la que pone en vigor los derechos que surgen de las secciones 16, 17 y 18 de la Carta de Derechos de la Constitución del Estado Libre Asociado de Puerto Rico que discutimos anteriormente, y que constituyen el corazón de lo que es el Derecho Laboral.

Por otro lado, el Sistema de Personal de la Ley de Municipios Autónomos es más bien una serie de disposiciones de administración de personal en medio de una ley orgánica que se concentra en la delegación de poderes gubernamentales a los municipios. El propósito central de la Ley de Municipios Autónomos es la delegación de poderes del gobierno estatal a los

municipios, y el Sistema de Personal que allí se establece provee a dichos organismos un esquema general para la administración de sus empleados. Ramón Luis Nieves, La participación ciudadana en la Ley de Municipios Autónomos de 1991: un laboratorio de posibilidades democráticas para Puerto Rico, 67 Rev. Jur. U.P.R. 467, 484 (1998).

La Reforma Municipal, de la cual la Ley de Municipios Autónomos forma parte, se impuso las siguientes metas: 1) la transferencia de poderes, 2) la reforma administrativa, y 3) la autonomía fiscal. Municipio de Ponce v. Autoridad de Carreteras y Transportación, CC-98-231 (Opinión y Sentencia en circular). "Nos parece necesario puntualizar, además, que las leyes que conforman la Reforma Municipal fueron concebidas por la Rama Ejecutiva, es decir, constituyeron proyectos de **administración**." Id. (énfasis nuestro). Por lo tanto, no podemos equiparar estas disposiciones con la rigurosa y extensa regulación que tradicionalmente se considera legislación laboral.

Concluimos que el Artículo 2 de la Ley de Reclamaciones Laborales no aplica en este caso. La reclamación de los peticionarios no surgió bajo legislación laboral local. No procede, pues, la imposición de honorarios de abogado bajo esta disposición estatutaria.[1]

### III.

Los peticionarios también alegan que el Tribunal de Circuito de Apelaciones erró al no imponer honorarios de abogado por la temeridad del municipio. La Regla 44.1(d) de las de Procedimiento Civil le asigna a los tribunales el deber de imponer el pago de honorarios de abogado a una parte que ha actuado con temeridad o frivolidad. 32 L.P.R.A. Ap. III R. 44.1(d). Sin embargo, la imposición de honorarios de abogado al Estado Libre Asociado y sus instrumentalidades está limitada por la doctrina de la inmunidad soberana. Véase, Colondres Vélez v. Bayrón Vélez, 114 D.P.R. 833 (1983). Además, existen varias limitaciones explícitas en la legislación

---

[1] Como hemos resuelto que no procede la imposición de honorarios de abogado por no surgir la reclamación al amparo de la legislación laboral, no es necesario decidir si un municipio constituye un "patrono" para efectos de la Ley de Reclamaciones Laborales. Dejamos este asunto en quaere.

puertorriqueña que controlan la imposición de honorarios de abogado al Estado y sus instrumentalidades.

El Código de Enjuiciamiento Civil dispone que "[l]a sentencia contra el Estado no incluirá en ningún caso el pago de intereses por período alguno anterior a la sentencia ni concederá daños punitivos".  Art. 8 de la Ley Núm. 104 de 29 de junio de 1955, según enmendada, 32 L.P.R.A. sec. 3083. Esta disposición fue interpretada por este Tribunal en Colondres, supra. Allí explicamos que el Artículo 8 también prohíbe, por ser daños punitivos, la imposición de honorarios de abogado contra el Estado.  Colondres, supra.

Sin embargo, el mismo Código de Enjuiciamiento Civil dispone que dicha disposición sólo será aplicable a las instrumentalidades del Estado cuya facultad para demandar y ser demandadas no esté prevista por otras leyes. 32 L.P.R.A. sec. 3079.  La facultad de los municipios para demandar y ser demandados sí está prevista por la Ley de Municipios Autónomos.  21 L.P.R.A. sec. 4003.  Por lo tanto, la disposición del Código de Enjuiciamiento Civil que prohíbe la imposición de honorarios de abogado contra el Estado no es aplicable a los municipios.

Ahora bien, la Ley de Municipios Autónomos contiene una disposición muy similar al previamente discutido Artículo del Código de Enjuiciamiento Civil.  En su Artículo 15.005, la Ley establece que:

> "La sentencia que se dicte contra cualquier municipio de acuerdo con [el Artículo 15.003 de esta Ley] no incluirá, en ningún caso, el pago de intereses por período alguno anterior a la sentencia ni concederá daños punitivos."  21 L.P.R.A. sec. 4705.

En Colondres, supra, decidimos que esta disposición prohíbe la imposición a los municipios de honorarios de abogado por estos constituir "daños punitivos".  Sin embargo, de la propia Ley surge, e interpretamos en Colondres, supra, que esta prohibición sólo aplica a las acciones que nacen de del Artículo 15.003. 21 L.P.R.A. sec. 4705. Dicho Artículo, por su parte, autoriza acciones contra el municipio "por daños personales o a la propiedad, ocasionados por la culpa o negligencia del municipio"; es decir, acciones de daños y perjuicios.  21 L.P.R.A. sec. 4703.  En Colondres, supra, explicamos que "[c]omo la única clase de acción regulada por [el Artículo

15.003] es la de daños y perjuicios por culpa o negligencia, a ese tipo de acciones está reducida la limitación" del Artículo 15.005. La aplicación de esta prohibición al caso de autos depende, por tanto, de si la acción de los peticionarios bajo La Ley de Municipios Autónomos es una de daños y perjuicios.

Por otro lado, la Regla 44.3(b) de las de Procedimiento Civil también limita el alcance de la Regla 44.1(d) al prohibir la imposición de honorarios de abogado en algunos casos. La Regla lee:

> "El tribunal también impondrá a la parte que haya procedido con temeridad el pago de interés... desde que haya surgido la causa de acción en todo caso de **cobro de dinero** y desde la radicación de la demanda, en caso de **daños y perjuicios**... excepto cuando la parte demandada sea el Estado Libre Asociado de Puerto Rico, **sus municipios**..." 32 L.P.R.A. Ap. III R. 44.3(b).

Del propio texto de la regla surge que la prohibición es aplicable a los municipios. Esta Regla también fue interpretada por este Tribunal en Colondres, supra. Allí decidimos que, al igual que las otras disposiciones discutidas, esta regla también prohíbe la imposición de honorarios de abogado. Colondres, supra. Pero además, llegamos a la conclusión de que esta prohibición sólo aplica a casos de cobro de dinero, y de daños y perjuicios. Id. Véase además, Rodríguez Roldán v. Municipio de Caguas, 133 D.P.R. 694 (1993) (aplicando la Regla 44.3(b) en un caso de daños y perjuicios).

Conforme a lo anterior, debemos concluir que no procedería la imposición de honorarios de abogado al Municipio en este caso si la acción de los peticionarios es una de daños y perjuicios. En Rodríguez Cruz, supra, decidimos que una acción por despido ilegal por discrimen político de un empleado municipal bajo la antigua Ley Orgánica de los Municipios de Puerto Rico y la Ley de Personal del Servicio Público constituía una acción de daños y perjuicios. Por tanto, en ese caso revocamos la imposición de honorarios de abogado contra el municipio, al aplicar la Regla 44.3(b). Rodríguez Cruz, supra.

En Rodríguez Cruz, supra, un empleado del Municipio de Trujillo Alto fue destituido de su puesto de Director de la Defensa Civil, y reinstalado

en su puesto anterior de Inspector de Saneamiento, con un salario más bajo. El empleado, Rodríguez Cruz, demandó al nuevo alcalde del Municipio por despido ilegal por discrimen político bajo las "garantías sobre retención contenidas en la Sección 4.6 de la Ley de Personal". Rodríguez Cruz, supra, en la pág. 496.  Esta Sección establece las garantías que aplican a los empleados que ocupan puestos de carrera. 3 L.P.R.A. sec. 1336. Sin embargo, este Tribunal llegó a la conclusión de que, a pesar de que Rodríguez Cruz era un empleado de confianza y no de carrera, el Municipio no había podido justificar su despido y, por lo tanto, había actuado ilegalmente al destituirlo por razones políticas. Rodríguez Cruz, supra.  Entendemos, pues, que la causa de acción de Rodríguez Cruz nace cuando el Municipio viola su derecho a la libre asociación que establece nuestra Constitución en su Artículo II, Sección 6.  No debemos olvidar que la condición de empleado de confianza de por sí no priva de la protección contra el discrimen político. McCrillis v. Autoridad Navieras de P.R., 123 D.P.R. 113 (1989).  La causa de acción de Rodríguez Cruz surgió, por lo tanto, de una violación de sus derechos constitucionales.

Tras concluir, en Rodríguez Cruz, supra, que el despido fue ilegal, pasamos a discutir los remedios que tocaba otorgar al demandante.  Luego de eliminar varias partidas que había concedido el foro de instancia, incluyendo unos $60,000 por concepto de daños y perjuicios por sufrimientos y angustias mentales, condenamos al Municipio a pagar a Rodríguez Cruz los beneficios dejados de percibir como resultado del despido ilegal, y ordenamos que fuese reinstalado en el puesto de Director de la Defensa Civil. Rodríguez Cruz, supra.  Explicamos que:

> "A diferencia del caso de la acción por razón de despido injustificado que le concede al empleado de empresa privada la Ley Núm. 80 de 30 de mayo de 1976 --al amparo de la cual el remedio que, de ordinario, se concede lo es el pago de la 'mesada'-- aquí se trata de una conducta que viola un mandato expreso de nuestra Constitución, con el agravante de que es el Estado el violador, el cual se supone sea el primero en defender los derechos constitucionales de nuestra ciudadanía. [Por lo tanto,] de no ordenarse la reposición del empleado público al cargo que ocupaba, a todos los efectos prácticos se estaría 'premiando' la acción inconstitucional de la autoridad nominadora al discriminar contra el empleado destituido por razones políticas y 'castigando' el empleado, capaz y

competente, que ha sido víctima del impermisible discrimen político. La violación de un derecho constitucional por parte del Estado amerita y exige un remedio efectivo que vindique, elimine y señale el camino a seguirse en el futuro en relación con conducta contraria a lo establecido por nuestra ley fundamental." Rodríguez Cruz, supra, en la pág. 524.

Por tanto, estos remedios se impusieron por el carácter constitucional de la acción. Concluimos, además, que dicha acción por despido ilegal en violación de derechos constitucionales constituía una acción de daños y perjuicios, y que, por lo tanto, no procedía la imposición de honorarios de abogado en vista de las disposiciones de la Regla 44.3(b) de las de Procedimiento Civil y lo resuelto en Colondres, supra. Rodríguez Cruz, supra.

En el caso de autos nos enfrentamos a una situación indistinguible a la de Rodríguez Cruz, supra. Esta acción por despido ilegal nace, al igual que la acción en Rodríguez Cruz, supra, de una violación de los derechos constitucionales del empleado. Ante nos, tenemos una acción bajo la nueva Ley de Municipios Autónomos. Bajo esta nueva Ley, como discutiéramos anteriormente, no es de aplicación a los municipios la Ley de Personal del Servicio Público. Sin embargo, las disposiciones del Sistema de Personal de la Ley de Municipios Autónomos establecen el principio de mérito de una manera muy similar a la Ley de Personal del Servicio Público. Al despedir a los peticionarios injustificadamente, violentándose dicho principio de mérito, se quebrantaron sus derechos constitucionales al debido proceso de ley.

En Lupiañez v. Secretario de Instrucción, 105 D.P.R. 696 (1977), resolvimos que un empleado público tiene un interés propietario en su posición de empleo permanente. Por lo tanto, el despido injustificado, violentando el principio de mérito, constituye una privación de dicho interés propietario sin el debido proceso de ley. Id. De esta violación de un derecho constitucional es que surge la causa de acción en el caso de autos. Al igual que en Rodríguez Cruz, supra, en este caso los peticionarios han instado una demanda por daños y perjuicios por una violación a sus derechos constitucionales.

Los peticionarios en el caso de autos fueron despedidos tras negarse a trabajar durante horas no-laborables en fines de semana y días feriados, por entender que el Municipio los estaba asignando a trabajar en violación a su propio sistema de turnos rotativos, sin justificación alguna.  El Tribunal de Circuito de Apelaciones determinó que esta actuación arbitraria del Municipio, que llevó al despido de empleados con un récord de trabajo excelente, fue injustificada e ilegal.  Aunque en Rodríguez Cruz, supra, nos enfrentamos a un despido ilegal por discrimen político, y aquí nos enfrentamos a una privación, sin el debido proceso de ley, de un interés propietario que nace del principio de mérito, ambas causas de acción surgen como acciones de daños y perjuicios para reivindicar los derechos constitucionales de los empleados.

Cabe mencionar, además, que los remedios concedidos en el caso de autos son los mismos que concedimos en Rodríguez Cruz, supra, a saber, el pago de los beneficios dejados de percibir y la reinstalación del empleado.  A pesar de que en ninguno de los dos casos se concedieron daños y perjuicios adicionales (por ejemplo, por sufrimientos y angustias mentales), los remedios concedidos son particulares a este tipo de acción por violación de derechos constitucionales que en Rodríguez Cruz, supra, describimos como una acción de daños y perjuicios.  Por lo tanto, es forzoso concluir que si la acción por despido ilegal por discrimen en Rodríguez Cruz, supra, constituye una acción de daños y perjuicios para efectos de la Regla 44.3(b), la acción por despido ilegal por una violación del debido proceso de ley en el caso de autos también es una acción de este tipo.

Estos dos casos son indistinguibles.  La regla que esbozamos en Rodríguez Cruz, supra, por lo tanto, es de aplicación al caso de autos.[2] Tanto la Regla 44.3(b) de las de Procedimiento Civil como el Artículo 15.005

---

[2] También se sustenta nuestra decisión si tomamos en cuenta lo resuelto en algunas jurisdicciones estadounidenses: "The unjust dismissal of public employees is in many cases based on breach of contract or of implied contract—**but there is some indication that a tort action will lie.**" 10 STUART M. SPEISER ET AL., THE AMERICAN LAW OF TORTS sec. 34:113 (énfasis nuestro).  Así, por ejemplo, en Noble v. National American Life Ins. Co., 128 Ariz. 188 (1981), se resolvió que existía una causa de acción torticera por un despido ilegal de un empleado público bajo un sistema de mérito.

de la Ley de Municipios Autónomos prohíben la imposición de honorarios de abogado en un caso de daños y perjuicios como el de autos. Resuelto, pues, que en esta acción no procede la imposición de honorarios de abogado por temeridad bajo la Regla 44.1(d), no es necesario analizar la determinación del Tribunal de Circuito de Apelaciones en cuanto a la ausencia de temeridad en este litigio.

A modo de conclusión, examinada la Ley de Municipios Autónomos, no procede la imposición de honorarios de abogado contra el municipio bajo la Ley de Reclamaciones Laborales ya que la reclamación no surge al amparo de la legislación laboral. Tampoco procede imponer honorarios de abogado bajo la Regla 44.1 de las de Procedimiento Civil ya que los municipios están exentos de dicha imposición en casos de daños y perjuicios. Por lo tanto, confirmamos la decisión del Tribunal de Circuito de Apelaciones.

Se dictará la Sentencia correspondiente.


                              FEDERICO HERNÁNDEZ DENTON
                                   Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Angel L. Ortiz y otros

    Demandantes-Peticionarios

       vs.                          CC-1999-630     Certiorari

Municipio de Lajas

    Demandado-Recurrido




SENTENCIA


San Juan, Puerto Rico, a 30 de marzo de 2001.


      Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente, se confirma la resolución del Tribunal de Circuito de Apelaciones que denegó el recurso de revisión solicitado.

      Así lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal. Los Jueces Asociados señores Fuster Berlingeri y Corrada del Río concurren sin opinión escrita.



Isabel Llompart Zeno
Secretaria del Tribunal Supremo